UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
******************************************************************************
                              *
ORLANDO MENDEZ,               *        CIV 09-4086
                              *
         Plaintiff,           *
                              *
   vs.                        *        OPINION AND ORDER
                              *        ON MOTIONS
ERVIN HEATWOLE,               *
                              *
         Defendant.           *
                              *
******************************************************************************
```

Four motions are pending:

**1.    Motion to Compel Discovery by defendant (Doc. 16).**

The parties were directed to confer about resolution of the dispute. The dispute was resolved. The sought after discovery has been produced. The motion is **DENIED AS MOOT**.

**2. & 3. Motion to Amend/Correct Complaint and Join Parties by plaintiff (Doc. 19) and First Amended Motion (Doc. 20).**

The First Amended Motion (Doc. 20) makes changes in the proposed amended complaint (Doc. 19) as follows: on page 4 in paragraph 13, on page 9 in paragraph 4 , and adds Count Four. Count Four makes allegations against the owner of the pickup being driven by defendant Heatwole. The allegations against Weaver are for failure to be a backseat driver, literally. Plaintiff has supplied no case precedent to support the theory.

The Scheduling Order (Doc. 13) provided that plaintiff's deadline for moving to add parties or amend the pleadings was December 1, 2009. This motion was filed April 12, 2010. The proposed amendment to the complaint would add sixteen new parties to the lawsuit.

Sufficient justification for tardy filing has not been provided. Plaintiff argues the amendments to a pleading should be freely given pursuant to Rule 15. Defendant opposes the motion. As reasons for the late motion plaintiff identifies the need for legal research "to formulate the legal theories of liability to support claims which provide a basis for the First Amended Complaint," low insurance limits and the corresponding need for discovery about potential defendants, and the need for future discovery about the arrangements between the Wisler Mennonite Church and the Associated Milk Producers. Plaintiff asserts additional discovery will also "shed additional light upon the nature and extent of the involvement of the Wesler Mennonite Church in the dairy farm tour." The discovery deadline was March 31, 2010.

This lawsuit is the result of a two pickup head on collision on a dusty gravel road. Plaintiff explains the liability insurance coverage on the driver of the other car is limited to $25,000. No mention is made about the coverage on the car in which he was a passenger. The driver of the pickup in which plaintiff was riding died in the accident. Plaintiff wants to add as defendants the Associated Milk Producers Incorporated, some members of the Wisler Mennonite Church and persons who are on the church's board of directors or trustees. Plaintiff's theory is that the church, located in Indiana, and the Associated Milk Producers made an agreement to inspect land and dairy farms in South Dakota with an eye toward relocating some church members to South Dakota. Some young men from the church made the inspection trip. While on the trip they were driving to a dairy farm in a three pickup caravan on a dusty gravel road. The caravan threw up so much dust that

visibility was severely limited causing the driver of the third pickup to collide head on with the pickup in which plaintiff Mendez was a passenger. Plaintiff asserts Associated Milk Producers Incorporated was the guide who failed to warn about the dusty driving conditions, failed to regulate spacing between the vehicles, failed to establish a reasonable rate of speed for the caravan, and failed to use other options for transportation. Plaintiff asserts the church and individual members of the church are vicariously liable for the negligence of the defendant Heatwole. Beyond the conclusory allegation, no information has been provided to demonstrate an agency relationship between the defendant Heatwole and the proposed defendants other than their shared membership in the same church. No case precedent has been furnished in which liability for negligence proximately causing injury was laid upon the lead vehicle in a caravan in similar circumstances. Trial is scheduled to begin June 23, 2010.

This motion is a motion to amend the complaint, as distinguished from a Rule 12 motion to dismiss. Futility can be considered without transforming the motion into a summary judgment motion which would require notice to the parties and an opportunity to provide affidavits. The defense has provided the highway patrol investigation report and transcript of the defendant's deposition. Heatwole's testimony establishes:

- The Church does not own farmland. (Heatwole Dep. Pg. 9.)

- The Church members are independent and own their own estates. (Heatwole Dep. Pg. 9.)

- Any properties are owned by the individual church members and any income from the property goes directly to the owner of the property, not the Church. (Heatwole Dep. Pg. 10.)

- The Church does not take an economic development role with its members and/or property owners. (Heatwole Dep. Pg. 9-10.)

3

- Some time prior to July of 2007, some of the church members were looking at moving to South Dakota. Therefore, a group of young boys, on their own accord, decided to drive to South Dakota and look at the country. (Heatwole Dep. Pg. 12.) The boys wanted to look at the landscape as none of them had previously been in South Dakota. (Heatwole Dep. Pg. 13.)

- None of the boys who took the trip to South Dakota were doing so at the direction of any of the Church members. (Heatwole Dep. Pg. 14.)

- The boys looked at the crops and the lay of the land, basically just sightseeing. (Heatwole Dep. Pg. 19.) While in South Dakota, the boys toured the AMPI plant, located in Freeman, South Dakota, which produces milk powder. (Heatwole Dep. Pg. 18.) No one in the group had ever observed how powdered milk was manufactured. (Heatwole Dep. Pg. 18, 19.)

- The rest of the trip consisted of driving up and down the roads looking at farmland. (Heatwole Dep. Pg. 19.)

- The accident in question occurred on the way to the Schultz dairy farm. (Heatwole Dep. Pg. 10.)

- Some of the boys in the group lived on dairy farms, so they took a trip to the Schultz dairy farm to see how it operated. (Heatwole Dep. Pg. 14.) The Schultz farm milked a lot more cows than the dairy farms in Indiana. (Heatwole Dep. Pg. 20.)

- Heatwole (age 20 at time of this accident) does not work at a dairy operation. (Heatwole Dep. Pg. 5.)

- While some Church members were looking to buy a dairy farm in South Dakota, none of the boys in the group were planning on purchasing a dairy farm in South Dakota. (Heatwole Dep. Pg. 14.) The only person among those who went to South Dakota, who had any interest in a family dairy operation, was Mark Hoover. (Heatwole Dep. Pg. 24-25.)

- No one was compensated for their time in South Dakota and no one was given any financial return for taking the tour. (Heatwole Dep. Pg. 29.)

- After the boys returned to Indiana, no report was prepared or given to anyone about the trip to South Dakota. (Heatwole Dep. Pg. 24.)

- One of the church members, Darrel Richards, who was not among those who made the trip, was interested in looking around at other opportunities, however, Heatwole never talked to him on the subject and had no knowledge of the specifics of Richards's interest. (Heatwole Dep. Pg. 15.)

These facts stand undisputed in the record. On this state of the record amendment of the complaint would be futile because no facts support a relationship between the driver Heatwole and any of the church members or the church which would establish the potential for vicarious liability.

As for Associated Milk Producers Incorporated, amending the complaint would likewise be futile. Associated Milk Producers Incorporated would need to be directly negligent, as distinguished from vicariously liable for Heatwole's negligence, in order to establish its liability. Plaintiff has furnished no case precedent in which a person or entity in the lead position of a caravan creating dust has been determined to be negligent and the proximate cause of an accident involving a trailing vehicle in the caravan. Plaintiff cited *Kuehl v. Horner Lumber Company*, 678 N.W.2d 809 (SD 2004) and *State Auto Insurance Companies v. BNC & Audrey Duggan*, 702 N.W.2d 379 ( SD 2005). In the *Kuehl* case, the plaintiff settled with the driver of the other vehicle in the accident, then sued the lumber company who helped load the trailer which fish tailed causing the accident and plaintiff's injuries. The court relied on the Restatement (Second )of Torts 324A (1965) for the proposition that one (the lumber company) who gratuitously undertakes to render services to another which he should recognize as necessary for the protection of a third person is liable to the third person for his negligence. In *Kuehl* the load was too heavy for the trailer and improperly placed causing the fish tail. In *State Auto* the defendant was caring for her father's yard and pet when father was gone. She forgot to lock a door to the father's house when she left. Later defendant's daughter (granddaughter of defendant's father) came to the house to swim. The daughter entered the house through the unlocked door, and without permission took the keys to grandpa's suburban and wrecked it in a single vehicle accident. The granddaughter's mother who had gratuitously undertaken the duty to care for grandpa's home while he was gone could be liable to grandpa for the damage to his

5

suburban because her gratuitous undertaking created a special relationship and because injury to grandpa's property was foreseeable if she forgot the lock the house when she was finished caring for it. In *State Auto* the court also adhered to the rule that third parties generally have no duty to control the actions of others. In this case Associated Milk Producers did not undertake to protect Heatwole or the owner of the car he was driving. Associated Milk Producers' employee drove the lead pickup to show the way to the dairy farm to be toured. All the pickups kicked up dust, an unavoidable, naturally occurring consequence of driving on a dry gravel road. Associated Milk Producers generally had no duty to control the actions of Heatwole. *State Auto v. Duggan,* 702 N.W.2d 379. Associated Milk Producers did not undertake gratuitously or for consideration to render services for the protection of Heatwole or the owner of Heatwole's pickup. *State Auto v. Duggan* at 387, citing the *Restatement (Second) of Torts §323* (1965). Associated Milk Producers, therefore, could not fail to exercise reasonable care to perform an undertaking which it had not undertaken to perform. *Restatement Torts §324A.* Plaintiff's alleged failures to exercise reasonable care on the part of Associated Milk Producers did not increase the risk of harm beyond that which existed without the alleged undertaking. *See Restatement (3d) of Torts, proposed § 43.*[1]

---

[1]§ 43. Duty To Third Persons Based On Undertaking To Another

Proposed Final Draft No. 1:

(Note: With the exception of Comment d to § 27 and Comment a to § 28, the substance of Proposed Final Draft No. 1 (issued on April 6, 2005), has been finally approved by both the Institute's Council and its membership. The draft has not yet been published in final form only because the project has been expanded to include chapters on emotional harm and landowner liability. After that work is completed and approved, the Reporters will do their final editorial work and an update of the Reporters' Notes, and then the final text of this Restatement project will be published.)

The Motion to Amend Complaint (Doc. 19) and First Amended Motion to Amend Complaint (Doc. 20) are **DENIED**.

**4. Motion to Compel by plaintiff (Doc. 22).**

This motion is to compel defendant to disclose the identities of the four unnamed ministers of the Wisler Mennonite Church which plaintiff identified as John Does 1 through 4 in his proposed amended complaint.

---

**An actor who undertakes to render services to another that the actor knows or should know reduce the risk of physical harm to which a third person is exposed has a duty of reasonable care to the third person in conducting the undertaking if:**

**(a) the failure to exercise reasonable care increases the risk of harm beyond that which existed without the undertaking,**

**(b) the actor has undertaken to perform a duty owed by the other to the third person, or**

**(c) the person to whom the services are rendered, the third party, or another relies on the actor's exercising reasonable care in the undertaking.**

**Comment:**
. . . . a. History. The Restatement Second of Torts contained two Sections addressing undertakings, one imposing a duty to those on whose behalf the undertaking was taken and one imposing a duty to third parties. These two Sections might have been combined into a single Section imposing a duty of reasonable care to all persons for whom an undertaking reduced the risk of harm. However, because Subsection (b) of this Section omits any requirement of reliance or increased risk and because courts have employed and become accustomed to two undertakings sections, this Restatement continues the organization of the Second Restatement. This Section replaces Restatement Second of Torts § 324A. As with § 42, omission of language contained in the Second Restatement including gratuitous and contractual undertakings is for felicity of expression, not substantive change.

*REST 3d TORTS-PH § 43*

Given the ruling which denies plaintiff's motion to amend the complaint to add sixteen new defendants, the identities of these four John Does is moot. The Motion to Compel (Doc. 22) is **DENIED AS MOOT**.

### ORDER

It is hereby ORDERED that:

1. Defendant's Motion to Compel (Doc. 16) is DENIED AS MOOT;

2. Plaintiff's Motion to Amend Complaint (Doc. 19) and First Amended Motion to Amend Complaint (Doc. 20) are DENIED.

3. Plaintiff's Motion to Compel (Doc. 22) is DENIED AS MOOT.

Dated this 10th day of May, 2010.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge